IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,783-01






EX PARTE DONNELL GLENN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 6060-B IN THE 39TH JUDICIAL DISTRICT COURT


FROM HASKELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to seventy-five years' imprisonment. The
Eleventh Court of Appeals affirmed his conviction. Glenn v. State, No. 11-05-00330-CR (Tex. App.
- Eastland, May 24, 2007, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to adequately investigate or consult with Applicant prior to trial, failed to interview
or call witnesses for the defense, specifically Applicant's co-defendant, Cynthia Jeffery, and failed
to investigate and challenge the validity of the enhancement allegations. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the indictment and
judgment in this case, and with copies of any evidence introduced at the punishment stage to prove
up the enhancement allegation(s). The trial court shall make findings of fact as to whether counsel
consulted with Applicant prior to trial, and as to whether counsel performed an independent
investigation of the facts and law of the case. The trial court shall make findings as to whether
counsel interviewed Cynthia Jeffery prior to Applicant's trial, and if so, whether she provided any
evidence that would have been helpful to the defense, and why counsel did not call her to testify. 
The trial court shall make findings as to whether the evidence introduced to support the enhancement
allegation(s) was consistent with the allegations in the indictment, and if not, why counsel failed to
object. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 5, 2008

Do not publish